AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

APR 3 0 2014

Clerk, U.S. District Court
By: _____ Deputy Clerk

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>One (1) cellular telephone, Model #ZTE N9510, currently in the possession of Drug Enforcement Administration, 1919 N. Amidon, Suite 330, Kansas, further described on Attachment A. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No.  14-M-6120-01-KGG |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of _____KANSAS_____ *(identify the person or describe property to be searched and give its location)*:
One (1) cellular telephone, Model #ZTE N9510, currently in the possession of Drug Enforcement Administration, 1919 N. Amidon, Suite 330, Wichita, Kansas, further described on Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B (Property To Be Seized).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __841(a)(1)__, and the application is based on these facts: § 843(b), § 846, § 952, § 960, § 963, § 2

☑ Continued on the attached sheet. (see attached affidavit of probable cause)
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Maria E. Heimerman, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/30/2014

_____
Judge's signature

City and state: Wichita, Kansas

Honorable Kenneth G. Gale, U.S. Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | |
| A BLACK ZTE CELLULAR DEVICE, ) | |
| MODEL ZTE N9510, FCC ID: Q78-ZTEN9510, ) | |
| DEC: 256 691 485 007 423 620, ) | CASE NO: |
| HEX: 990 003 227 146 84; S/N: 321732993033, ) | |
| IN THE CUSTODY ) | |
| OF THE DRUG ENFORCEMENT ) | |
| ADMINISTRATION ) | |

## AFFIDAVIT
## IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

Maria E. Heimerman, having been duly sworn, states the following:

1. I am currently assigned to the Drug Enforcement Administration (DEA) Wichita Resident Office. Before my assignment with the DEA as a Task Force Officer I was assigned to the Special Investigations Undercover/Narcotics Section. I have been employed with the Wichita Police Department (WPD) since January 2004. During that time I have investigated numerous narcotics cases.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in The Controlled Substances Act of Title 21, United States Code.

3. While assigned with the DEA, and previously as a police officer with the WPD, I have participated in numerous drug investigations, involving the unlawful manufacture of

1

controlled substances, possession of controlled substances with the intent to distribute, distribution of controlled substances (including cocaine, marijuana and methamphetamine) and conspiracies associated with criminal drug trafficking offenses, in violation of Title 21, United States Code, Section 841(a)(1) - Possession with Intent to Distribute and Distribution of Controlled Substances; Section 843(b) - Unlawful use of a Communication Device to Commit or Facilitate the Commission of Drug Trafficking Offenses; Section 846 - Conspiracy or Attempt to Commit Drug Trafficking Offenses; Sections 952 and 960 - Importation of Controlled Substances; Section 963, Conspiracy or attempt to Import Controlled Substances; and Section 2, aiding and abetting these listed offenses. In connection with my official DEA duties, I investigate criminal violations of the Controlled Substances Act.

4.  My training and experience has involved, among other things, (a) the debriefing of defendants, witnesses, and informants, as well as others who have knowledge of the distribution and transportation of controlled substances and of the laundering and concealment of proceeds of drug trafficking; (b) surveillance; (c) execution of search warrants; (d) the arrest of drug traffickers, and (e) handling of cooperating sources and other sources of information.

5.  Based on my training and experience as a DEA TFO and officer with the WPD, I have become familiar with the manner in which drug traffickers conduct their drug-related businesses, including the methods employed by drug dealers to import and distribute drugs, and their use of coded language to refer to drugs, drug proceeds, and other aspects of drug trafficking. I have received training for the investigation of drug offenses and

2

have been personally involved in several drug trafficking investigations. Through these investigations, my training, experience, and conversations with experienced agents, other drug investigators and law enforcement personnel, I have become familiar with the methods employed by drug traffickers in general, including the use of wireless communications technology such as cellular telephones, counter surveillance, and the use of false or fictitious identities and coded communications in an attempt to avoid detection by law enforcement and to circumvent drug investigations.

## PURPOSE OF AFFIDAVIT

6. I submit this Affidavit in support of application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search and seize data and records from a cellular communication device, specifically described as:

   a. A black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84; S/N: 321732993033.

7. Individuals who deal in illegal controlled substances and engage in money laundering commonly use computers and communication devices to maintain addresses, telephone numbers, bank account information, including deposit amounts, names and numbers, drug and money ledgers, directions and instructions, travel, time and route navigation and information, and other information specific to drug dealing and money laundering. In addition to continuing their illegal businesses, these individuals utilize computer and communications systems to maintain contact with their criminal associates, to access the internet and transact banking and other financial business over the internet and keep records of these transactions on the computer memories. Oftentimes travel,

transportation, and transaction instructions are sent and received via text message, e-mail or instant messages that are stored on the digital memories of the various devices. Internet e-mail providers require little or no personal information to activate e-mail accounts used to give directions and to report progress in furtherance of the illegal drug trade. These e-mail messages are stored on the memories of the computers and cellular telephones. Memory in computers and cellular telephones includes internal memory, and memory storage on removable devices such as SIM cards and SD cards. In addition, some devices have built in electronic digital cameras and digital video capabilities. Individuals who deal in illegal controlled substances often take, or cause to be taken, photographs of themselves, their associates, their properties, and their illegal products and merchandise. Lastly, I know that electronic devices can store information for long periods of time, and even if records are deleted that many times through the use of forensic tools the records can be retrieved.

8.  Searching for the evidence described may require a range of data analysis techniques. In some cases, agents and computer analysts may be able to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide information, encode communications to avoid using key words, attempt to delete information to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require law enforcement officers or other analysts with appropriate expertise to conduct more

4

extensive searches, such as scanning storage areas unrelated to things described in the Attachments, or perusing all stored information briefly to determine whether it falls within the scope of the warrant.  In light of these difficulties, the DEA intends to use whatever data analysis techniques necessary to locate and retrieve the evidence sought.

## TECHNICAL TERMS

9. Based on my training and experience, I use the following technical terms to convey the following meanings:

   b. Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used primarily for voice communication through radio signals.  These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones now offer a broad range of capabilities.  These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

10. Based on my training, experience, and research, I know that the cell phone device described in this affidavit as a black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84, S/N: 321732993033, commonly have capabilities that allow the devices to serve as, but not limited to serve as, a wireless telephone, digital camera, portable media player, GPS navigation device, digital display device, PDA with an internet connection. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device as well information regarding criminal activities and criminal conspirators.

## PROBABLE CAUSE

11. On March 10, 2014, members of the Sedgwick County Sheriff's Office interdiction unit were conducting routine patrol at the Greyhound Bus Station located at 312 South Broadway, Wichita, Kansas. Deputy Justin Maxfield observed the bus arrive from Denver, Colorado, Deputy Maxfield had consensual contact with the individual who identified himself as Luis VELASQUEZ. VELASQUEZ informed Deputy Maxfield that he had traveled from Denver, Colorado to Wichita, Kansas for hand surgery.

12. Deputy Maxfield observed two bulges under VELASQUEZ's pants running down both side of his legs. Deputy Maxfield asked VELASQUEZ if he would go with Deputy Maxfield into an office located on scene, and VELASQUEZ got up and ran out of the bus station. Deputy Maxfield placed VELASQUEZ in custody after a foot pursuit. While VELASQUEZ was fighting with Deputy Maxfield on the ground, VELASQUEZ stated, "I thought it was only weed". Deputy Maxfield searched VELASQUEZ and in his front, right, pants pocket located approximately 1 gram of marijuana. On the right side of VELASQUEZ's pants where the bulge was, Deputy Maxfield located a black sack containing approximately one pound of methamphetamine.

13. Deputy Maxfield was contacted by a citizen who informed him that VELASQUEZ threw something on the roof in the area of 435 South Market. Deputy Maxfield responded to 435 South Market where he located a black sock, identical to the sock located on VELASQUEZ that appeared to have rolled off the roof onto the ground. Deputy Maxfield saw that the sock contained approximately one pound of methamphetamine, that was packaged exactly the same as the methamphetamine found VELASQUEZ's person.

14. VELASQUEZ was read his rights per Miranda by Deputy Justin Crafton on scene. TFO Sherwood asked VELASQUEZ if he remembered being read his rights, which he did. VELASQUEZ was reminded of his rights and agreed to speak with TFO Sherwood.

15. VELASQUEZ informed TFO Sherwood that he was coming from Compton, California, to Wichita, Kansas to see a specialist due to a hand injury, VELASQUEZ stated that while on the bus, arriving in Wichita, a black male wearing all red handed VELASQUEZ the two socks and said that he didn't want them, and told VELASQUEZ he could have them. VELASQUEZ told TFO Sherwood that he thought the socks contained marijuana, and he took them because he "loves" pot. VELASQUEZ said that his cousin, Eduardo GUTIERREZ, was supposed to pick him up at the bus station. VELASQUEZ did not know where GUTIERREZ lived in Wichita, Kansas. VELASQUEZ did not wish for his cousin to be contacted to inform GUTIERREZ of his whereabouts.

16. Both packages were tested, and both field tested positive for methamphetamine. VELASQUEZ's criminal history revealed that he has been previously convicted of Carrying a Loaded Firearm; Public Place and Grand Theft from Person in 1996; Violation of Parole for Poss/Purchase Cocaine Base for Sale in 1999; Possess Narc Controlled Substance in 2008; and Possess Narc Control Substance in 2010.

17. I believe that the cell phone, a black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84, S/N: 321732993033, which was found on VELASQUEZ's person at the time of his arrest contains valuable information directly related to the purchase and distribution of methamphetamine in the Wichita, Kansas area, and could assist investigators in identifying the sources of supply and other known criminal associates. Accordingly, I

respectfully request that this Honorable Court issue a warrant allowing the search of this device.

FURTHER, YOUR AFFIANT SAITH NOT.

*[signature]*
_____
Maria E. Heimerman
Task Force Officer
Drug Enforcement Administration

SUBSCRIBED TO AND SWORN before me this 30th day of April, 2014.

*[signature]*
_____
Honorable Kenneth G. Gale
United States Magistrate Judge
District of Kansas

## ATTACHMENT A

a. **Cellular Telephone #1**: A black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84; S/N: 321732993033.

# ATTACHMENT B
(Property to be Seized)

1. All data and records contained in a black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84; S/N: 321732993033. This Device is currently stored at the U.S. Drug Enforcement Administration, 1919 N. Amidon, Suite 330, Wichita, Kansas in the District of Kansas.

   a. Data, including but not limited to, the telephone number of the device, telephone numbers of the accessed device, received incoming telephone numbers, dialed outgoing telephone numbers, numeric messages sent or received, verbal messages sent or received, address and telephone/pager number listings, electronically composed memorandum, any time and or data markings and or calendar format organization of all such data, or any other data related to drug trafficking or money laundering, including photographs, which may be stored, received, or sent, contained in the electronic memory of the previously described device, lists of customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

   d. all records that are prima fascia evidence of narcotics transactions.

2.     Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.     Records and things evidencing the use of the Internet Protocol address utilized by to this device to communicate with criminal coconspirators, or unwitting individuals or institutions were used to facilitate drug trafficking or money laundering crimes, to include:

   a. records of Internet Protocol addresses used;

   b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4.     As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93 (Rev. 01/09) Search and Seizure Warrant

## UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

APR 30 2014

Clerk, U.S. District Court
By: _____ Deputy Clerk

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 14-M-6120-01-KGG
One (1) cellular telephone, Model #ZTE N9510, currently in the )
possession of Drug Enforcement Administration, 1919 N. Amidon, )
Suite 330,Wichita, Kansas, further described on Attachment A. )

### SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ____KANSAS____
*(identify the person or describe the property to be searched and give its location):*
One (1) cellular telephone, Model #ZTE N9510, currently in the possession of Drug Enforcement Administration, 1919 N. Amidon, Suite 330,Wichita, Kansas, further described on Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*
See Attachment B (Property To Be Seized).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   MAY 10, 2014
                                                             *(not to exceed 10 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__Kenneth G. Gale_____.
              *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                            ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  4/30/2014
                       1000 hrs                      _____
                                                        Judge's signature

City and state:   Wichita, Kansas                    Honorable Kenneth G. Gale, U.S. Magistrate Judge
                                                        *Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

a. **Cellular Telephone #1**: A black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84; S/N: 321732993033.

## ATTACHMENT B
(Property to be Seized)

1. All data and records contained in a black ZTE wireless telephone, Model: ZTE N9510, FCC ID: Q78-ZTEN9510, DEC: 256 691 485 007 423 620, HEX: 990 003 227 146 84; S/N: 321732993033. This Device is currently stored at the U.S. Drug Enforcement Administration, 1919 N. Amidon, Suite 330, Wichita, Kansas in the District of Kansas.

   a. Data, including but not limited to, the telephone number of the device, telephone numbers of the accessed device, received incoming telephone numbers, dialed outgoing telephone numbers, numeric messages sent or received, verbal messages sent or received, address and telephone/pager number listings, electronically composed memorandum, any time and or data markings and or calendar format organization of all such data, or any other data related to drug trafficking or money laundering, including photographs, which may be stored, received, or sent, contained in the electronic memory of the previously described device, lists of customers and related identifying information;

   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   c. any information related to sources of narcotic drugs (including names, addresses, phone numbers, or any other identifying information);

   d. all records that are prima fascia evidence of narcotics transactions.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records and things evidencing the use of the Internet Protocol address utilized by to this device to communicate with criminal coconspirators, or unwitting individuals or institutions were used to facilitate drug trafficking or money laundering crimes, to include:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.